Slip Op. 16-10

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CP KELCO (SHANDONG) BIOLOGICAL COMPANY LIMITED and CP KELCO US, INC.,** | |
| **Plaintiffs,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 15-00328** |
| **UNITED STATES,** | |
| **Defendant.** | |

## OPINION

[Granting Defendant's motion to dismiss for lack of subject matter jurisdiction.]

Dated: February 9, 2016

Nancy Aileen Noonan, Arent Fox LLP, of Washington DC, for Plaintiffs. With her on the brief were Matthew L. Kanna and Julia Ann Lacovara.

Loren Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director. Of counsel was Heather Noel Doherty, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Kelly, Judge:   Plaintiff CP Kelco (Shandong) Biological Company Limited ("CP Kelco Shandong") and Plaintiff CP Kelco US, Inc. (collectively "Plaintiffs") bring this action pursuant to 28 U.S.C. § 1581(i)(2) and (4) (2012)[1] for judicial review of a decision by the U.S. Department of Commerce ("Commerce" or "Department") during the impending

---

[1] Further citations to Title 28 of the U.S. Code are to the 2012 edition.

Court No. 15-00328                                                                    Page 2


second administrative review of the antidumping duty order covering xanthan gum from the People's Republic of China.  <u>See generally</u> Compl., Dec. 22, 2015, ECF No. 1; <u>see also</u> <u>Xanthan Gum From the People's Republic of China</u>, 78 Fed. Reg. 43,143 (Dep't Commerce July 19, 2013) (amended final determination of sales at less than fair value and antidumping duty order).  Plaintiffs' Complaint claims that Commerce's decision to deny CP Kelco Shandong's request for treatment as a voluntary respondent and to instead consider Deosen Biochemical Ltd. and Deosen Biochemical (Ordos) Ltd. (collectively "Deosen") as a potential mandatory respondent in the administrative review is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or facts."  Compl. ¶¶ 38–54.

On December 23, 2015, Plaintiffs filed an application for a temporary restraining order ("TRO") and a motion for a preliminary injunction ("PI") requesting the court to restrain and enjoin Commerce from reviewing Deosen's questionnaire responses and from selecting Deosen as a mandatory respondent.  <u>See generally</u> Pls.' Appl. TRO & Mot. Prelim. Inj. & Mem. P. & A. in Supp., Dec. 23, 2015, ECF No. 11 ("Appl. TRO & Mot. PI").  Plaintiffs concurrently filed a petition for writ of mandamus requesting that the court compel Commerce to select CP Kelco Shandong as a voluntary respondent in the review.  <u>See generally</u> Pet. Writ Mandamus, Dec. 23, 2015, ECF No. 13.  On the same day, Defendant United States ("Defendant") filed a motion to dismiss the action pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, pursuant to

USCIT Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[2]  See generally Def.'s Mot. Dismiss and Opp'n Pls.' Mot. Prelim. Inj., Appl. TRO, & Pet. Writ Mandamus, Dec. 23, 2015, ECF No. 15 ("Def.'s Mot. Dismiss").  Defendant's motion to dismiss also opposed Plaintiffs' application for a TRO, motion for a PI, and petition for writ of mandamus.[3]  See generally id.

On December 30, 2015, the court determined that Plaintiffs were unable to demonstrate that a TRO or PI was appropriate under the circumstances.  See Confidential Mem. and Order 5–15, Dec. 30, 2015, ECF No. 21 ("Mem. and Order").  Specifically, the court determined under the applicable standard that: (1) Plaintiffs could not demonstrate that they would be irreparably harmed without the relief of a TRO or PI because "even reading Plaintiffs' allegations in its complaint in a light most favorable, Plaintiffs still fail to allege that allowing Commerce to conclude its standard administrative review process will result in any harm that cannot be remedied by judicial review," id. at 7; (2) "it is unlikely

---

[2] Defendant denominated its defense for failure to state a claim under USCIT Rule 12(b)(5).  See Def.'s Mot. Dismiss and Opp'n Pls.' Mot. Prelim. Inj., Appl. TRO, & Pet. Writ Mandamus 1, Dec. 23, 2015, ECF No. 15.  However, as of July 1, 2015, the enumerated defenses under USCIT Rule 12 were renumbered to conform with the Federal Rules of Civil Procedure such that the defense for a failure to state a claim is now made under USCIT Rule 12(b)(6).  The court will refer to Defendant's motion to dismiss on this ground by its current designation throughout this opinion.

[3] Plaintiffs also filed a motion to expedite the briefing and the court's disposition on their petition for writ of mandamus.  See generally Motion for Expediting Plaintiffs' Writ of Mandamus, Dec. 23, 2015, ECF No. 14.  After a telephone conference held on December 28, 2015 to confer with counsel, the court granted Plaintiffs' motion to expedite in part and issued a scheduling order directing (1) Plaintiffs to respond to Defendant's motion to dismiss and reply to Defendant's response to Plaintiffs' petition for writ of mandamus on or before January 4, 2016 at 1:00 PM; (2) Defendant to reply to Plaintiffs' response to Defendant's motion to dismiss on or before January 11, 2016 at 1:00 PM; and (3) that if Defendant's motion to dismiss is denied, the court would next set a hearing date, if one is needed, within 10 days of such denial regarding Plaintiffs' petition for writ of mandamus.  See Scheduling Order 2, Dec. 28, 2015, ECF No. 20.

that Plaintiffs will be able to establish that review under 28 U.S.C. § 1581(c) is manifestly inadequate giving the Court jurisdiction over this case under 28 U.S.C. § 1581(i) and thus unlikely that Plaintiffs will succeed on the merits," id. at 13; (3) "Plaintiffs have shown no hardship it will encounter by having to wait for Commerce to conclude its administrative process except for the delay of judicial review," id.; and (4) "[t]he public interest favors allowing Commerce to complete its process." Id. at 14. As a result, the court denied Plaintiffs' application for a TRO and motion for a PI. See id. at 15. The court, however, deferred its decision on Plaintiffs' petition for writ of mandamus and Defendant's motion to dismiss until those issues were fully briefed. See id. at 2.

On January 4, 2016, Plaintiffs filed their response to Defendant's motion to dismiss together with their reply to Defendant's response to Plaintiffs' petition for writ of mandamus arguing that the Court has jurisdiction under 28 U.S.C. § 1581(i) because review pursuant to any of the enumerated jurisdictional grounds under § 1581, specifically § 1581(c), would be manifestly inadequate and that Plaintiffs have stated a claim upon which relief can be granted. See generally Pls.' Resp. Def.'s Mot. Dismiss and Reply Def.'s Opp'n Pls.' Pet. Writ Mandamus and Mem. Support Thereof, Jan. 4, 2016, ECF No. 27 ("Pls.' Resp. Mot. Dismiss"). On January 11, 2016, Defendant filed its reply to Plaintiffs' response to Defendant's motion to dismiss refuting Plaintiffs' claim that review under 28 U.S.C. § 1581(c) would be manifestly inadequate and that Plaintiffs' claim is ripe for review. See generally Def.'s Reply Support Mot. Dismiss, Jan. 11, 2016, ECF No. 29. For the reasons discussed below, the court now dismisses Plaintiffs' action because the Court lacks subject matter jurisdiction over Plaintiffs' claims.

## BACKGROUND

Commerce initiated the second administrative review of the antidumping duty order covering xanthan gum from the People's Republic of China on September 2, 2015.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 80 Fed. Reg. 53,106, 53,106, 53,108–09 (Dep't Commerce Sept. 2, 2015).   Shortly thereafter, CP Kelco Shandong requested that Commerce select and review it as a voluntary respondent.  See Confidential App. Pet. Writ Mandamus and Mem. P. & A. Supp. Appl. TRO & Mot. Prelim. Inj. App. 4, Dec. 23, 2015, ECF No. 12 ("App. Pet. Mandamus").  On September 29, 2015, Commerce found that it was not practicable to examine all respondents and thus limited the review to individually examine the companies accounting for the largest volume of exports of subject merchandise to serve as mandatory respondents—Neimenggu Fufeng Biotechnologies Co., Ltd. (aka Inner Mongolia Fufeng Biotechnologies Co., Ltd.)/Shandong Fufeng Fermentation Co., Ltd. (collectively "Fufeng") and A.H.A. International Co., Ltd. ("AHA").  See generally id. at App. 6.  Accordingly, Commerce issued questionnaires to Fufeng and AHA.  See generally id. at Apps. 7, 8.  Commerce also informed respondents that once companies seeking voluntary respondent treatment timely submit the information requested from the mandatory respondents, i.e., questionnaire responses, it would "evaluate the circumstances at that time to decide whether to individually examine the voluntary respondent(s)."  See id. at App. 6 at 2.

On October 29, 2015, CP Kelco Shandong voluntarily submitted its Section A questionnaire response.  See generally id. at App. 9.  On October 30, 2015, AHA and

Deosen submitted a letter requesting that Commerce issue a full questionnaire to Deosen rather than AHA because they claimed that Deosen and its affiliates controlled and set the prices of sales from AHA to the U.S. export market.  See id. at App. 10 at 3.  Plaintiffs allege that on November 4, 2015, CP Kelco Shandong submitted comments objecting to AHA's and Deosen's request because Commerce had already selected mandatory respondents, Commerce did not select Deosen as a mandatory respondent, and "Deosen did not timely submit comments regarding the selection of mandatory respondents."  Appl. TRO & Mot. PI 8; see also App. Pet. Mandamus App. 11.

On November 13, 2015, rather than fully grant AHA's and Deosen's request, Commerce elected to issue a full questionnaire to Deosen while still requiring that AHA respond to the questionnaire Commerce issued to it "for further evaluation of which party is the proper respondent."  App. Pet. Mandamus App. 14 at 1.  On that same day, CP Kelco Shandong voluntarily submitted its Section C and D questionnaire responses, at which time CP Kelco Shandong timely provided Commerce with all the information requested from Fufeng and AHA.  See generally id. at Apps. 12, 13.

AHA submitted its Section A questionnaire response on November 23, 2015, however, AHA filed a letter on November 30, 2015 in lieu of a Section C and D questionnaire response taking the position that

> AHA does not have reviewable U.S. Sales to report for the instant period of review in the response to the Section C questionnaire.  If AHA were to submit a response to the Section C questionnaire issued to AHA, the response would contain no data.  Similarly, if AHA were to submit a response to the Section D questionnaire, there would be no matching sales to allow any analysis and calculation.  All of AHA's exports to the U.S. were sold by Deosen.

Id. at App. 19 at 1–2.  CP Kelco Shandong renewed its request to be selected as a voluntary respondent and requested Commerce to find that AHA "is no longer suitable for treatment as a mandatory respondent in the . . . proceeding based on AHA's refusal to fully participate as a mandatory respondent." Id. at App. 20.  Deosen submitted its Section A questionnaire response on December 9, 2015 and received an extension to submit its Section C and D questionnaire responses no later than December 30, 2015.  See generally id. at Apps. 23, 26.

On December 16, 2015, Commerce denied CP Kelco Shandong's request for voluntary respondent treatment pursuant to Section 782(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677m(a) (2012),[4] because "consideration of available resources, including current and anticipated workload and deadlines coinciding with the proceeding in question, does not support selection of a voluntary respondent." Id. at App. 24 at 4–5. Commerce determined that "the additional individual examination of Kelco Shandong would be unduly burdensome for the Department and inhibit the timely completion of the administrative review." Id.  Additionally, Commerce did not dismiss AHA as a mandatory respondent as per CP Kelco Shandong's request and proceeded to "determin[e] which company, AHA or Deosen, is the proper respondent to serve as one of the two mandatory respondents in this review." Id. at 5.

Plaintiffs commenced this action on December 22, 2015 under 28 U.S.C. § 1581(i)(2) and (4), claiming that Commerce's decision to deny CP Kelco Shandong's

---

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

request for treatment as a voluntary respondent and to instead inquire as to whether

Deosen should be selected as a mandatory respondent in the administrative review is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or

facts."   Compl. ¶¶ 38–54.   Plaintiffs filed a petition for writ of mandamus to compel

Commerce to select CP Kelco Shandong as a voluntary respondent in the review arguing

that CP Kelco Shandong "is being deprived of its right to demonstrate that the xanthan

gum it has exported from the People's Republic of China was not sold at less than fair

value" and that "CP Kelco U.S., as the importer of record, will not have its cash deposits

made on the subject entries refunded even though the subject merchandise was not sold

at less than fair value."  Pet. Writ Mandamus 3.  In response, Defendant moved to dismiss

Plaintiffs' Complaint pursuant to USCIT Rule 12(b)(1) for lack of subject matter

jurisdiction, or, in the alternative, pursuant to USCIT Rule 12(b)(6) for failure to state a

claim.  See generally Def.'s Mot. Dismiss.  Before the court can reach the merits, the court

must first decide whether the Court has jurisdiction over Plaintiffs' action pursuant to 28

U.S.C. § 1581(i).[5]

---

[5] When faced with motions to dismiss under both USCIT Rule 12(b)(1) and USCIT Rule 12(b)(6), the court, absent good reason to do otherwise, should ordinarily decide the USCIT Rule 12(b)(1) motion first because "[w]hether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."  Bell v. Hood, 327 U.S. 678, 682 (1945). Thus, the court need not address whether Plaintiffs' Complaint states a claim upon which the Court can grant relief if the court first determines that the Court does not have jurisdiction over Plaintiffs' action.

## STANDARD OF REVIEW

The party seeking the Court's jurisdiction has the burden of establishing that jurisdiction exists.  See Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  Moreover, "[w]here, as here, claims depend upon a waiver of sovereign immunity, a jurisdictional statute is to be strictly construed."  Celta Agencies, Inc. v. United States, 36 CIT __, __, 865 F. Supp. 2d 1348, 1352 (2012) (citing United States v. Williams, 514 U.S. 527, 531 (1995)).

## DISCUSSION

Defendant argues the Court does not have jurisdiction over Plaintiffs' action under 28 U.S.C. § 1581(i) because jurisdiction under another enumerated jurisdictional basis will be available to Plaintiffs.  See Def.'s Mot. Dismiss 6–8.  Specifically, Defendant argues that Plaintiffs may seek relief pursuant to 28 U.S.C. § 1581(c) after Commerce issues its final determination in the administrative review, and, as a result, the Court lacks jurisdiction under 28 U.S.C. § 1581(i).  See id. at 8.  Defendant further argues that Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs "cannot demonstrate that Commerce's decision not to select it as a voluntary respondent constitutes final agency action."  Id. at 15.  Plaintiffs in response argue the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) because the remedies afforded to Plaintiffs by any other subsection of § 1581 would be manifestly inadequate to grant Plaintiffs the relief they seek.  See Pls.' Resp. Mot. Dismiss 4–9.  Plaintiffs also argue that Commerce's actions are final because Commerce "will conclusively not review CP Kelco (Shandong) as a voluntary respondent" and Commerce "clearly indicated it will expend its limited

resources reviewing the full questionnaire response of Deosen." Id. at 13–14.  The court finds that 28 U.S.C. § 1581(i) does not confer the Court with jurisdiction to review Plaintiffs' claims at this time because 28 U.S.C. § 1581(c) provides Plaintiffs with adequate means for judicial review of Commerce's determination.  Therefore, Plaintiffs' claims must be dismissed for lack of jurisdiction because the harm for which they seek relief may be adequately remedied in an action under 28 U.S.C. § 1581(c).  See, e.g., Chemsol, LLC v. United States, 755 F.3d 1345, 1349 (Fed. Cir. 2014); Norman G. Jensen, Inc. v. United States, 687 F.3d 1325, 1329 (Fed. Cir. 2012); Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006); Miller & Co v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987), cert. denied, 484 U.S. 1041 (1988).

It is a long-standing principle that "federal courts . . . are courts of limited jurisdiction."  Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 358 (Fed. Cir. 1992) (quoting Aldinger v. Howard, 427 U.S. 1, 15 (1976), superseded by statute on other grounds, Judicial Improvements Act, Pub. L. No. 101-650, 104 Stat. 5089).  Plaintiffs have the burden of establishing that jurisdiction exists.  See Norsk Hydro Can., Inc., 472 F.3d at 1355.  Under 28 U.S.C. § 1581(i), the Court exercises residual jurisdiction over certain actions not provided for under the specific grants of jurisdiction outlined in § 1581(a)–(h). See 28 U.S.C. § 1581(i).  The Court has jurisdiction under 28 U.S.C. § 1581(i) in "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for-- . . . (2) tariffs, duties fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; . . . or

(4) administration and enforcement with respect to matters referred to in . . . subsections (a)-(h) of this section." Id.

However, 28 U.S.C. § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . under section 516A(a) of the Tariff Act of 1930." Id. Congress intended "that any determination specified in section 516A of the Tariff Act of 1930, or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superseded by any such determination, is reviewable exclusively as provided in section 516A." H.R.Rep. No. 96–1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60. Thus, jurisdiction under 28 U.S.C. § 1581(i) may not be invoked if jurisdiction under another subsection is or could have been available, unless the other available route for review is shown to be manifestly inadequate. See, e.g., Chemsol, LLC, 755 F.3d at 1349; Norman G. Jensen, Inc., 687 F.3d at 1329, Int'l Custom Prods., Inc., 467 F.3d at 1327; Miller & Co, 824 F.2d at 963.

The statute envisions that an interested party may contest Commerce's determinations in periodic reviews of antidumping duty orders and specifically provides for recourse through judicial review. See 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(a)(2)(B)(iii). Under 28 U.S.C. §1581(c), the Court "shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581(c). As a result, the Court has jurisdiction to review actions contesting Commerce's final determination in an administrative review of an antidumping duty order. See 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(a)(2)(B)(iii).

Plaintiffs allege three counts in their Complaint. First, Plaintiffs contest Commerce's "decision to not select CP Kelco (Shandong) for individual examination pursuant to . . . 19 U.S.C. § 1677m(a)." <u>See</u> Compl. ¶¶ 40–44. Second, Plaintiffs claim Commerce wrongfully "issue[d] a full questionnaire to Deosen prior to choosing Deosen as a mandatory respondent while CP Kelco (Shandong)'s voluntary responses to the questionnaire were timely filed weeks before Deosen's responses to the questionnaire have been or will be filed." <u>See</u> <u>id.</u> ¶¶ 45–49. Lastly, Plaintiffs challenge Commerce's failure "to select CP Kelco (Shandong) for individual examination pursuant to . . . 19 U.S.C. § 1677m(a)." <u>See</u> <u>id.</u> ¶¶ 50–54.

Judicial review of Commerce's final determination in the administrative review pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c) can adequately provide Plaintiffs with the remedies they seek. Plaintiffs' counts in their Complaint claim that Commerce has thus far conducted the administrative review in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or facts." <u>See</u> <u>id.</u> ¶¶ 38–54. Such claims are adequately and routinely reviewed in a case brought pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c) once Commerce issues its final determination. In such a case, the Court can set aside Commerce's finding that it would be unduly burdensome to individually examine an additional respondent, if that finding is unsupported by substantial evidence or otherwise not in accordance with law. <u>See, e.g.</u>, <u>Grobest & I-Mei Indus (Vietnam) Co. v. United States</u>, 36 CIT __, 853 F. Supp. 2d 1352 (2012) (holding Commerce wrongfully rejected a voluntary respondent request and ordering Commerce to individually review that

respondent on remand); <u>see also</u> 19 U.S.C. § 1516a(b)(1)(B)(i) (specifying the standards of review for the actions brought before the Court).  As the court noted in its previous Memorandum and Order, "a court can review each and every one of [Plaintiffs'] counts after Commerce issues its final determination and grant such relief as may be warranted. . . . [I]f, as Plaintiffs allege, Commerce improperly refused to investigate CP Kelco Shandong, then a court upon review of Commerce's determination can remand to the agency for acting contrary to law or for a determination that was unsupported by substantial evidence on the record." Mem. and Order 8.  Thus, an action brought pursuant to 28 U.S.C. § 1581(c) is available for Plaintiffs to challenge Commerce's determination at issue here.

Plaintiffs do not refute that jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c) would be available in the future, but argue instead that recourse through a case brought on those grounds would be manifestly inadequate.  <u>See</u> Pls.' Resp. Mot. Dismiss 4–9.  When jurisdiction under another subsection of 28 U.S.C. § 1581 "is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate."  <u>Miller & Co.</u>, 824 F.2d at 963.  However, as discussed below, Plaintiffs have not met their burden to demonstrate that review under 28 U.S.C. § 1581(c) would be manifestly inadequate.[6]

---

[6] Plaintiffs make much of the fact that the court can find that jurisdiction under 28 U.S.C. § 1581(c) is manifestly inadequate despite previously determining that Plaintiffs would not be irreparably harmed without injunctive relief because both are separate determinations.  <u>See</u> Pls.' Resp. Mot. Dismiss 7–9; <u>see also</u> Mem. and Order 6–11.  The court does not disagree that the two are separate inquiries that require separate determinations, but nonetheless determines that jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c) adequately provides Plaintiffs with relief if warranted.

Plaintiffs claim that review under 28 U.S.C. § 1581(c) is manifestly inadequate because "Plaintiffs cannot wait until the conclusion of the proceeding and issuance of the final results to bring their claim to the Court because by the time final results are published, the harm will have occurred: the Department will have improperly exhausted the resources it currently possesses to review CP Kelco (Shandong) as a voluntary respondent." Pls.' Resp. Mot. Dismiss 5. Plaintiffs' claim is without merit. The court has previously addressed this concern:

> Plaintiffs . . . claim that allowing Commerce to spend resources after the point when Commerce should have selected CP Kelco Shandong as a voluntary respondent will insulate Commerce from review. This claim cannot withstand scrutiny. The statute may give Commerce discretion based upon its available resources at a given point in time, see 19 U.S.C. § 1677m(a)(2), however, if Commerce abuses that discretion or otherwise acts contrary to law the court is empowered to remedy such conduct. Plaintiffs seem to think Commerce could rely upon a lack of resources to defend a claim that it had impermissibly expended resources. Such logic allows Commerce to enlarge its discretion or authority simply by expending resources. The fact that Commerce might spend resources is not what gives its authority or discretion; Congress gives Commerce that authority or discretion. If Plaintiffs are correct and Commerce was required to investigate CP Kelco Shandong or improperly considered Deosen, then a court can so find and remand the final determination.

Mem. and Order 10–11. Plaintiffs claim that waiting for Commerce to issue its final determination would preclude or render review meaningless because Commerce will have already exhausted whatever resources it may have had to review CP Kelco Shandong. Plaintiffs inexplicably and incorrectly discount the Court's ability to remand to Commerce to either reconsider its decision to deny CP Kelco Shandong's voluntary respondent request or individually examine CP Kelco Shandong as a voluntary

respondent.  Commerce does not have the ability to evade review or avoid compliance

with a remand order by expending resources on another respondent.

Plaintiffs next argue that review under 28 U.S.C. § 1581(c) is manifestly

inadequate because the statutory provision requires a court to determine whether

individual examination of a voluntary respondent would be unduly burdensome at the time

in the proceeding when the respondent seeking review timely filed its questionnaire

responses.  See Compl. ¶ 6.  This argument misconstrues the statute as well as the

nature of the Court's review under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C.

§ 1581(c).  Commerce informed respondents that once companies seeking voluntary

respondent treatment timely submit the questionnaire responses, it would "evaluate the

circumstances at that time to decide whether to individually examine the voluntary

respondent(s)."  App. Pet. Mandamus Apps. 6 at 2, 24 at 2.  As explained in the court's

prior Memorandum and Order,

> in a case brought under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C.
> § 1581(c), the court can apply the statute as written to events that have
> already occurred.  The court does so routinely.  If the court needs to look at
> the burden imposed upon the agency at the time in the proceeding when
> the voluntary respondent timely filed its responses to the questionnaire,
> there is no reason a reviewing court cannot do that.  In fact, the statute
> specifically refers to the number of investigations being conducted as of the
> "date of the determination."  See 19 U.S.C. § 1677m(a)(2)(c).  If a court
> were to find that Commerce acted improperly, the court can remedy such
> conduct upon review pursuant to its § 1581(c) jurisdiction.

Mem. and Order 13.  Thus, Plaintiffs' concern here is misplaced because a court would

likewise review Commerce's determination that it would be unduly burdensome and

inhibit timely completion of the review to individually examine CP Kelco Shandong based on the circumstances known at the time the determination was made.

Plaintiffs further claim that even if a court were to grant the requested relief in a case brought under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), that relief "would be manifestly inadequate because it could take months after the final results are issued" and "[d]uring that time, CP Kelco will continue to labor under the significant burden of not knowing it will be assigned an antidumping margin based on its own, non-dumped sales of subject merchandise." Pls.' Resp. Mot. Dismiss 7. However, the fact that judicial review and the relief afforded therefrom may be delayed until Commerce issues its final determination in a review is insufficient to make judicial review under 28 U.S.C. § 1581(c) manifestly inadequate. See Gov't of People's Republic of China v. United States, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007) (citing FTC v. Standard Oil, 499 U.S. 232, 244 (1980)). Neither the burden of participating in the administrative proceeding nor the business uncertainty caused by such a proceeding is sufficient to constitute manifest inadequacy. See id. Plaintiffs argue that the delay and uncertainty regarding their antidumping duty obligations renders relief provided after Commerce's final determination manifestly inadequate. Specifically, Plaintiffs argue that "opportunity costs and lost sales are not something that can be financially remedied by the Court voiding Deosen's individual margin months after the date of publication of the final results." Pls.' Resp. Mot. Dismiss 7. However, resorting to the established administrative procedures is not manifestly inadequate even if it will exact a significant financial burden. See Int'l Custom Prods., Inc. v. United States, 791 F.3d 1329, 1338 (Fed. Cir. 2015).

Nonetheless, Plaintiffs invoke <u>Dofasco v. United States</u>, 28 CIT 263, 326 F. Supp. 2d 1340 (2004), <u>aff'd</u>, 390 F.3d 1370 (Fed. Cir. 2004), as support for jurisdiction pursuant to 28 U.S.C. § 1581(i) to challenge the individual examination and calculation of a margin for Deosen. <u>See</u> Pls.' Resp. Mot. Dismiss 4–5. In <u>Dofasco</u>, the plaintiff sought to halt an administrative review before it had begun because the plaintiff claimed that the review was unlawfully commenced. <u>See</u> <u>Dofasco</u>, 28 CIT at 265, 326 F. Supp. 2d at 1342. The court found that requiring the plaintiff to wait until the review had been completed to determine whether a review request was timely would have made any relief meaningless. <u>See</u> <u>id.</u> at 270, 326 F. Supp. 2d at 1346. Therefore, the court found that 28 U.S.C. § 1581(c) would be manifestly inadequate in that case because "the review that the plaintiff seeks to prevent will have already occurred by the time relief under another provision of section 1581 is available." <u>Id.</u> The court in <u>Dofasco</u> found that the Court had jurisdiction under 28 U.S.C. § 1581(i) because the plaintiff claimed Commerce had acted beyond its authority by initiating an administrative review pursuant to untimely requests. Here, Plaintiffs claim that Commerce has failed to follow the statute. "[M]ere . . . assertions that an agency failed to follow a statute" do not render the remedy under 28 U.S.C. § 1581(c) manifestly inadequate. <u>See</u> <u>Miller & Co.</u>, 824 F.2d at 964 (citing <u>Am. Air Parcel</u>, 718 F.2d at 1550–51).

Plaintiffs additionally emphasize that, according to <u>Dofasco</u>, exercising jurisdiction under 28 U.S.C. § 1581(i) is appropriate where "***the opportunity for full relief** would be lost by awaiting the final determination*." Pls.' Resp. Mot. Dismiss 5 (quoting <u>Dofasco</u>, 28 CIT at 270, 326 F. Supp. 2d at 1346). However, Plaintiffs here would not forego the relief

they are potentially entitled to if it were to wait for a final determination.  Plaintiffs ultimately

seek individual examination of CP Kelco Shandong.   Plaintiffs are under the false

impression that allowing Commerce to proceed would effectively preclude Plaintiffs from

obtaining full relief—to be reviewed as a voluntary respondent.  See id. 5–6.  Plaintiffs

speculate that even if a court were to remand to Commerce, Commerce will claim to have

expended whatever resources it may have had in reviewing Deosen and yet again

determine that it would be unduly burdensome to review CP Kelco Shandong.  See id.

However, as explained above, allowing Commerce to proceed in the review and requiring

Plaintiffs to await Commerce's final determination would not preclude or negatively impact

Plaintiffs' ability to receive the relief that they seek if warranted.  If their claim is successful

they will be able to obtain the relief that they seek.   Thus, the court's rationale for

exercising jurisdiction under 28 U.S.C. § 1581(i) in Dofasco does not apply here."[7]

---

[7] Plaintiffs additionally argue that this action is unique from other cases that reviewed Commerce's refusal to individually examine a respondent, specifically Grobest & I-Mei Indus (Vietnam) Co. and Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States, 33 CIT 1126, 637 F. Supp. 2d 1260 (2009).  See Pls.' Resp. Mot. Dismiss 9–11.  Both of these cases were reviewed by the court pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. 1581(c), but Plaintiffs argue that this action is unique because Commerce is considering reviewing a third respondent despite the fact that Commerce has stated repeatedly that it has the resources to examine two companies and CP Kelco Shandong has timely filed its questionnaire responses. See id. at 11.  Regardless of the factual distinctions between the cases, Plaintiffs' challenge is with respect to Commerce's refusal to individually examine CP Kelco Shandong as a voluntary respondent, a determination which is within the purview of the Court's jurisdiction under 28 U.S.C. § 1581(c).  For purposes of jurisdiction, the facts here do not warrant treating this case differently from cases such as Grobest & I-Mei Indus (Vietnam) Co.  Moreover, the facts Plaintiffs contend make this case unique do not have any bearing on whether review pursuant to 28 U.S.C. § 1581(c) is manifestly inadequate.

Plaintiffs' reliance on the court's decision in <u>Nakajima All Co. v. United States</u>, 12 CIT 585, 691 F. Supp. 358 (1988) ("<u>Nakajima II</u>"), is similarly misplaced.  Plaintiffs argue that in that case, "the Court granted a writ of mandamus under its § 1581(i) jurisdiction when it found that the plaintiff 'incurred financial burdens of lost sales volume due to the added cost of deposit rates and other opportunity costs connected with restricted resources.'"  Pls.' Resp. Mot. Dismiss 6–7 (quoting <u>Nakajima II</u>, 12 CIT at 592, 691 F. Supp. at 364).  While the court in <u>Nakajima II</u> granted the plaintiff a writ of mandamus for those reasons, the court's earlier decision makes clear that it exercised jurisdiction over the plaintiff's action on other grounds.  In <u>Nakajima All Co. v. United States</u>, 12 CIT 189, 682 F. Supp. 52 (1988) ("<u>Nakajima I</u>"), the plaintiff's grounds for jurisdiction under 28 U.S.C. § 1581(i) were different from those asserted by Plaintiffs here.  In that case, the plaintiff challenged "the undue delays Commerce has experienced between its initiation of the subject 751 reviews, and the completion and publication of the preliminary and final results of those reviews." <u>Nakajima I</u>, 12 CIT at 194, 682 F.Supp. at 57.  The court in <u>Nakajima I</u> found that "[s]uch challenged actions are not provided for under § 1516a and § 1581(c) or any other subsection of 1581." <u>Id.</u>  Here, however, the determinations that Plaintiffs challenge are provided for under § 1516a and § 1581(c).

Lastly, Plaintiffs assert that judicial review of their claims at this juncture would promote administrative efficiency because it would prevent Commerce from expending its resources by individually examining Deosen.  <u>See</u> Pls.' Resp. Mot. Dismiss 13.  This argument basically posits that the court should intervene in the middle of the administrative process in order to prevent the agency from making a mistake and thereby

conserve resources.  In addition to the fact that this argument assumes that Commerce

has in fact erred, Congress has not envisioned an administrative process where the Court

is to co-administer the statute with Commerce with each decision that it makes.  See

Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967); Toilet Goods Ass'n, Inc. v.

Gardner, 387 U.S. 158, 166 (1967).  Commerce, not the Court, is charged with carrying

out its statutory and regulatory obligations.  The Court has been granted authority to hear

Plaintiffs' claims and review the manner in which Commerce has performed its duties

once Commerce issues its final determination.  See 28 U.S.C. § 1581(c); 19 U.S.C.

§ 1516a(a)(2)(B)(iii).  If Plaintiffs do not agree with Commerce's conclusion that reviewing

CP Kelco Shandong would be unduly burdensome, Plaintiffs have the opportunity to

comment on that decision following Commerce's preliminary determination.  See 19

C.F.R. § 351.309(c)(1)(ii) (2013).  In the event that Commerce maintains its position on

the matter in its final determination despite Plaintiffs' complaints, then the appropriate

time for Plaintiffs to bring an action contesting Commerce's final determination is within

thirty days after the date Commerce publishes its final determination in the federal

register, not during the pendency of the review.[8]  See 28 U.S.C. § 1581(c); 19 U.S.C.

§ 1516a(a)(2)(B)(iii); 19 U.S.C. § 1516a(a)(2)(A)(i)(I).

---

[8] In arguing that jurisdiction under 28 U.S.C. § 1581(c) is manifestly inadequate, Plaintiffs further argue that "[a] future remand by this Court on this issue may provide the Department with further justification that reviewing a voluntary respondent is "unduly burdensome" in another segment of this proceeding, or in other proceedings in which the Department is asked to individually examine voluntary respondents."  Pls.' Resp. Mot. Dismiss 12.  The court does not address this argument because it discusses hypothetical consequences that a remand order from a 28 U.S.C. § 1581(c) case may have on other proceedings other than the proceeding that is the subject of this action, not whether 28 U.S.C. § 1581(c) is manifestly inadequate, and is thus irrelevant for purposes of determining whether the Court has jurisdiction over Plaintiffs' action.

Plaintiffs are thus unable to demonstrate that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1581(i).  Plaintiffs have not satisfied their burden to show why any harm caused by Commerce's refusal to review CP Kelco Shandong as a voluntary respondent cannot be adequately redressed in a case brought pursuant to 19 U.S.C. § 1581(c).  Although Plaintiffs seek immediate relief under 28 U.S.C. § 1581(i), jurisdiction over such claims may only be exercised when there is no other available or adequate basis for jurisdiction.   Therefore, the Court does not have jurisdiction over Plaintiffs' action because review under 28 U.S.C. § 1581(c) and the relief provided for in such an action is available and adequate.

The court need not address whether Plaintiffs have stated a claim upon which the Court can grant relief because "[w]hether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."  See Bell v. Hood, 327 U.S. 678, 682 (1945); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) (providing that a court acts beyond its authority by "resolv[ing] contested questions of law when its jurisdiction is in doubt"); Al-Zahrani v. Rodriguez, 669 F.3d 315, 318 (D.C. Cir. 2012) (affirming dismissal on jurisdictional grounds rather than on the merits).  Because the Court does not have subject matter jurisdiction over Plaintiffs' action, the court does not reach whether Plaintiffs' action should be dismissed pursuant to USCIT Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted and Plaintiffs' petition for writ of mandamus is denied as moot.  The court shall enter judgment dismissing this action.


   /s/ Claire R. Kelly
  Claire R. Kelly, Judge

Dated:	February 9, 2016
    New York, New York